that he did not know who signalled him to move the train. This was denied by Wilson. From the rules of the road as to the yardmaster's duties, it appeared that yardmasters had charge of the yards where trains were made up, the movement of trains therein, and the force employed; that they must attend to the making up and proper arrangement of freight-trains and see that they left on time; that they were responsible for the proper distribution of cars and the prompt movement of all cars within the limits of their yards; that they must see that their yards were kept in good order, etc. It did not further appear from the rules that yardmasters were allowed to go or prohibited from going between cars, or to couple and uncouple them. The evidence indicates that while it was not a part of the usual duties of yardmasters to actually assist in coupling and uncoupling cars, it was not an uncommon thing for them to do so, especially where yards were crowded and their assistance in this way seemed to be needed; and that the yard at Anniston was blocked, full of cars.

JACKSON, LEFTWICH & BLACK, for plaintiff in error.

KING & CARTHEL and KING & ANDERSON, *contra.*

---

THE RICHMOND & DANVILLE RAILROAD CO. *v.* BELL.

1. Touching the rule of the company which is involved in this case, the decision in *Railroad Co.* v. *Mitchell* (this term) applies. *Ante,* 77.
2. On its merits the case is a very weak one, and the trial court, in the exercise of the legal discretion which the law confides to it, might well have granted a new trial, but there was no manifest abuse of discretion, and this being so, the judgment must be and is                                                *Affirmed.*

May 22, 1893.

Action for damages. Before Judge WESTMORELAND. City court of Atlanta. September term, 1892.

JACKSON, LEFTWICH & BLACK, for plaintiff in error.
P. F. SMITH and W. W. GAINES, *contra.*

---

### WHITE *v.* ATLANTA CONSOLIDATED STREET RAILWAY CO.

From the evidence submitted by the plaintiff, the jury might have inferred negligence on the part of the defendant, and that the plaintiff's injury was caused thereby, without such contributory negligence on his part as would bar any and all recovery. It is not *per se* negligence for a person with something in each hand to board or attempt to board an electric street car whilst it is in the act of stopping to receive passengers and before it has come to a full stop. Such boarding or attempt may or may not be negligence, according to circumstances. In this case the circumstances were not so decisive as to dispense with a jury. The court erred in granting a nonsuit. The plaintiff had an umbrella in one hand and a handkerchief in the other. *Judgment reversed.*
May 15, 1893.

Action for damages. Before Judge VAN EPPS. City court of Atlanta. September term, 1892.

White sued for personal injuries, and was nonsuited. He testified: I was hurt by one of defendant's electric cars on Whitehall street, Atlanta, on a Saturday evening. I was with Bradwell. When we got to Whitehall street no car was in sight, and we walked along until we got to an alley between Hood and Cooper streets, a very wide block, when we saw it coming. I waved it down, and it came nearly to a standstill as it got to the alley. It was an open car going very slowly; I cannot tell exactly how fast; slowly enough for a child to step on. I had an umbrella in one hand and a handkerchief in the other. As the car passed the alley I started to get on, stepped up on the running board and attempted to catch hold of the hand-hold at the same time; did not get my hand on the hand-hold; just as I stepped up and caught at the hand-hold the car made a sudden and violent jerk which prevented my getting my hand